IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND
NORTHERN DIVISION

| | |
|---|---|
| INTERNATIONAL PAINTERS AND ALLIED ) <br> TRADES INDUSTRY PENSION FUND ) <br> TIM D. MAITLAND, in his official capacity as ) <br>    a fiduciary, ) <br> FINISHING TRADES INSTITUTE, ) <br>    and ) <br> PAINTERS AND ALLIED TRADES LABOR ) <br> MANAGEMENT COOPERATION INITIATIVE ) <br> 7234 Parkway Drive ) <br> Hanover, MD 21076 ) <br> ) <br>                Plaintiffs, ) <br>    v. ) <br> ) <br> GLASS MANAGEMENT SERVICES, INC. ) <br>    a/k/a U.S. Architectural Glass and Metal ) <br>    a/k/a The Glass Guys ) <br>    a/k/a The Glass Squad ) <br>    a/k/a Advantage Film Company ) <br>    a/k/a American Glass & Mirror ) <br>    a/k/a Glass & Mirror America ) <br>    a/k/a Auto Glass America, Inc. ) <br>    a/k/a Windshields America, Inc. ) <br>    a/k/a Service Glass ) <br>    a/k/a Glass Doctor ) <br> 1002 E. 87th Street ) <br> Chicago, IL 60619 ) <br>                Defendant. ) | No. |

## COMPLAINT

Plaintiffs, by undersigned counsel, complain as follows.

## JURISDICTION

1. This Court has jurisdiction over the subject matter of this action under 29 U.S.C. §§ 1132, 1145; 29 U.S.C. § 185(a); and/or 28 U.S.C. § 1331. The claims asserted are all made under federal statutes or federal common law, but the supplemental jurisdiction of the Court under 28 U.S.C. § 1367(a) also extends to any claims that are found to lie under state law.

2. A copy of this Complaint is being served on the Secretary of Labor and the Secretary of Treasury of the United States by certified mail in accordance with 29 U.S.C. § 1132(h).

## VENUE

3. Venue lies in the District of Maryland under 29 U.S.C. § 1132(e)(2), 29 U.S.C. § 185(a) and/or 28 U.S.C. § 1391(b).

## PARTIES

4. Plaintiff International Painters and Allied Trades Industry Pension Fund ("Fund" or "Pension Fund") is a trust fund established under 29 U.S.C. § 186(c)(5). Its Trustees are the "named fiduciary," "plan administrator," and "plan sponsor" and each is an individual "fiduciary," within the meaning of 29 U.S.C. §§ 1102(a), 1002(16), (21), for the International Painters and Allied Trades Industry Pension Plan ("Pension Plan") and the International Painters and Allied Trades Industry Annuity Plan ("Annuity Plan"). The Pension Fund is also known as and referenced as the "International Brotherhood of Painters and Allied Trades Union and Industry Pension and Annuity Fund" and the "International Brotherhood of Painters and Allied Trades Union and Industry National Pension and Annuity Fund" in the Labor Agreements relating to this complaint.

5. The Pension Plan is a "multiemployer plan," "employee benefit plan," and "employee benefit pension plan" within the meaning of 29 U.S.C. § 1002(37), (2) and (3) which is administered and has its principal place of business in this district at the address for the Fund in the caption of this Complaint. The Pension Plan is also known as and referenced as the "Pension and Annuity Fund" collectively with the Pension Plan in the Labor Agreements relating to this complaint.

6. The Annuity Plan is a "multiemployer plan," "employee benefit plan," and "employee benefit pension plan" within the meaning of 29 U.S.C. §1002(37), (2) and (3) which is administered and has its principal place of business in this district at the address for the Fund in the caption of this Complaint. The Annuity Plan is also known as and referenced as the "Pension and Annuity Fund" collectively with the Pension Plan in the Labor Agreements relating to this complaint.

7. Plaintiff Tim D. Maitland ("Maitland") is a fiduciary of the Pension Fund within the meaning of 29 U.S.C. § 1002(21) with respect to collection of contributions due the Pension Fund and related matters. He has a business address as listed in the caption and is authorized to bring this action on behalf of all Trustees of the Pension Fund and the Pension Fund as an organization.

8. The Pension Fund and Maitland are authorized collection fiduciary(ies) and agent(s) for:

   (a)   the Pension Plan,

   (b)   the Annuity Plan,

   (c)   the Finishing Trades Institute f/k/a International Union of Painters and Allied Trades Joint Apprenticeship and Training Fund ("FTI"), and

   (d)   the Painters and Allied Trades Labor Management Cooperation Initiative ("LMCI").

9. FTI is a trust fund established under 29 U.S.C. § 186(c)(5) and "multiemployer plan," "employee benefit plan," and "employee welfare benefit plan" within the meaning of 29 U.S.C. § 1002(37), (1), and (3). The FTI maintains its principal place of business and is administered from an office in this district and is also known as and referenced as the "National

Glaziers and Glassworkers Industry Apprenticeship Training and Journeyman Education Fund" and "FTI Training Fund" in the Labor Contract relating to this complaint.

10. LMCI is an entity that performs certain employer association functions, but is also an unincorporated organization established under 29 U.S.C. § 186(c)(9). The LMCI is also known as and referenced as "Painters and Allied Trade Labor Management Cooperation Initiative" or "P&ATLMCI" in the Labor Contract relating to this complaint.

11. LMCI maintains its principal place of business and is administered from an office in this district.

12. The Pension Fund and Maitland, in their capacity as authorized collection fiduciary(ies) and agent(s) sue on behalf of the Pension Plan, Annuity Plan, FTI, and LMCI.

13. The Pension Fund, Pension Plan, Annuity Plan, FTI and, as allowed by law, LMCI, are jointly or severally referenced as the "ERISA Funds." The ERISA Funds and LMCI are hereinafter jointly or severally referenced as the "Funds" and, altogether with Maitland, "Plaintiffs."

14. Defendant, Glass Management Services, Inc., a/k/a U.S. Architectural Glass and Metal, a/k/a The Glass Guys, a/k/a The Glass Squad, ak/a Advantage Film Company, a/k/a American Glass & Mirror, a/k/a Glass & Mirrors America, a/k/a Glass Maxx, a/k/a Auto Glass America, a/k/a Windshields America, Inc., a/k/a Service Glass[1] ("Company"), is an Illinois corporation and an employer in an industry affecting commerce within the meaning of 29 U.S.C. §§ 152(2), (6) and (7), 1002(5), (11) and (12) with a business office at the address listed in the caption.  The Company does business with the Pension Fund that is sufficient to create personal jurisdiction over the Company in this district and a substantial part of the events or omissions

---

1 Based on a Corporation search on the website of the Illinois Office of the Secretary of State.

giving rise to the claim occurred from transactions with the Pension Funds' office(s) in this district.

## COMMON FACTS

15. At all times relevant to this action, the Company was party to or agreed to abide by the terms and conditions of a collective bargaining agreement(s) (singly or jointly, "Labor Contract") with District Council No. 14, affiliated with the International Union of Painters and Allied Trades, AFL-CIO, CLC (the locals, district council and International being referred to jointly as "Union"). A true and correct copy of a Labor Contract and signature page are attached collectively as Exhibit 1.

16. The Company also signed or agreed to abide by the terms of the Agreement and Declaration of Trust of the Pension Fund ("Trust Agreement"), made between certain employers and employee representatives in an industry(ies) affecting interstate commerce to promote stable and peaceful labor relations, and the plan documents for the ERISA Funds. *See* Ex. 1, Labor Contract, Art. 20, Section 3, ¶1(e). A true and correct copy of the Trust Agreement for the Pension Fund is attached as Exhibit 2. True and correct copies of the cover page, table of contents, §§10.07, 10.08, 10.11, and 10.12, and signature page of the Pension Plan are attached collectively as Exhibit 3.

17. Under the Labor Contract, Trust Agreement, plan documents of the ERISA Funds or other documents, the Company agreed:

(a) To make full and timely payment on a monthly basis to the Funds, as required by the Labor Contracts, Trust Agreement and plan documents. Ex. 2, p.15 (Art.VI, §2); Ex. 3, §10.07.

(b) To file monthly remittance reports with the Funds detailing all employees or work for which contributions were required under the Labor Contract. Ex. 2, pp.15-16 (Art.VI, §§3, 5).[2]

(c) To produce, upon request by the Funds, all books and records deemed necessary to conduct an audit of the Company's records concerning its obligations to the Funds and to pay the cost of the audit if found to be delinquent or in violation of the Trust Agreement or Plan. Ex. 2, pp.16-17 (Art.VI, § 6).

(d) To pay liquidated damages, interest, audit costs, and all costs of litigation, including attorneys' fees, expended by the Funds to collect any amounts due as a consequence of the Company's failure to comply with its contractual and statutory obligations described in Subparagraphs (a), (b) and (c). Ex. 2, pp. 16-17 (Art.VI, §§4, 6); Ex. 3, §§10.07, 10.12.

(e) That when contributions become due and payable to the Funds, these amounts become plan assets of the Funds.

18. The Funds' auditors conducted a contribution compliance audit for the period January 1, 2012 through December 31, 2016. Based upon the Funds' auditors' report dated August 7, 2017, Company owes delinquent contributions to the Pension Fund, plus interest, liquidated damages, and audit costs, of at least $63,368.16.

19. The Pension Fund notified Company of the delinquency by letters dated September 20, 2017; October 2, 2017; January 19, 2018; and December 3, 2018.

20. By email on December 13, 2018, counsel for Company responded to the Pension Fund's December 3, 2018 letter and requested a copy of the Funds' audit report.

---

[2] Article VII of the Labor Contract contains the work jurisdiction. Ex. 1, Labor Contract, Art. VII.

21. By letters dated November 26, 2019, and December 13, 2019, the Funds' counsel sent demands to Company for the audit delinquency amount owed.

22. Despite several attempts to collect amounts owed, to date, the Pension Fund has not received payment for Company's audit delinquency for the period January 1, 2012 through December 31, 2016.

23. All conditions precedent to this lawsuit or the relief it seeks have been satisfied.

### **COUNT I - CONTRIBUTIONS UNDER ERISA - SUM CERTAIN**

**ERISA FUNDS
v.
COMPANY**

24. The allegations of Paragraph 1 through 23 are incorporated by reference as if fully restated.

25. Based on information currently available to the ERISA Funds, Company has failed to pay amounts due under the Labor Contracts, Trust Agreement and Plan from January 1, 2014 through December 31, 2016 in violation of 29 U.S.C. § 1145, as detailed on the attached Exhibit 4.

26. The ERISA Funds are adversely affected and damaged by the Company's violation of 29 U.S.C. § 1145.

**WHEREFORE**, Plaintiffs ask that the Court:

(1) Enter judgment against Company in favor of the Plaintiffs, for the benefit of the ERISA Funds, for at least the sum certain amount plus any additional amounts which may become due during the pendency of this lawsuit, together with interest at the rate(s) prescribed by 26 U.S.C. § 6621 from the due date for payment until the date of actual payment, liquidated

damages equal to the greater of the interest on the unpaid contributions or liquidated damages provided by the documents governing the ERISA Funds or statute, the cost of any audit and reasonable attorneys' fees and costs incurred in this action or the collection or enforcement of any judgment all as provided under the Trust Agreement, plan documents of the ERISA Funds, and 29 U.S.C. § 1132(g)(2).

(2) Grant such other or further relief, legal or equitable, as may be just, necessary or appropriate.

## COUNT II - CONTRIBUTIONS UNDER CONTRACT - SUM CERTAIN

**PLAINTIFFS**
**v.**
**COMPANY**

27. The allegations of Paragraphs 1 through 26 are incorporated by reference as if fully restated.

28. The Company has not paid the Funds as required by the Labor Contract, and other documents incorporated by the Labor Contract, such as the Trust Agreement or plan documents of the ERISA Funds.

29. Based on information currently available to the Plaintiffs, Company has failed to pay amounts due under the Labor Contract, Trust Agreement and Plan from January 1, 2012 through December 31, 2016 to the present in at least the sum of $63,368.16, as detailed on the attached Exhibit 4.

30. Plaintiffs have been damaged as a proximate result of the breach of Labor Contract and/or its incorporated documents by Company.

**WHEREFORE**, Plaintiffs ask that the Court:

(1) Enter judgment against the Company and in favor of Plaintiffs, for the benefit of

the Funds, for the sum certain currently due plus any additional amounts which become due and owing during the pendency of this litigation or as a result of an audit together with liquidated damages, interest and costs, including reasonable attorneys' fees incurred in this action or the collection or enforcement of any judgment, as provided in the Labor Contract and Trust Agreement.

   (2) Grant such other or further relief, legal or equitable, as may be just, necessary or appropriate.

Respectfully submitted,

**JENNINGS SIGMOND, P.C.**

Date: <u>August 7, 2020</u>

<u>/s/ Judith Sznyter</u>
JUDITH SZNYTER
(Bar No. 29743)
MAUREEN W. MARRA*
1835 Market Street, Suite 2800
Philadelphia, PA 19103
Phone: (215) 351-0641
Fax: (215) 922-3524
jsznyter@jslex.com / dmd_erisa@jslex.com

*Attorneys for Plaintiffs*

*Application for admission *pro hac vice* will be submitted at the appropriate time.

# EXHIBIT 4

Company owes the Plaintiffs the sum of $63,368.16. This amount includes the following:

| *Fund* | Contributions[1] | Interest[2] | Liquidated Damages[3] | Audit Cost | *TOTAL* |
|---|---|---|---|---|---|
| **Pension Plan** | $7,599.15 | $2,302.12 | $1,519.83 | $183.33 | *$11,604.43* |
| **Annuity Plan** | $33,179.10 | $10,038.32 | $6,635.82 | $1,037.87 | *$50,892.11* |
| **FTI** | $243.44 | $75.63 | $48.69 | $12.60 | *$   380.36* |
| **LMCF** | $319.49 | $95.27 | $63.90 | $12.60 | *$   491.26* |
| **TOTAL** | **$41,341.18** | **$12,511.34** | **$8,268.24** | **$1,246.40** | **$63,368.16** |

---

[1] Calculated for the period January 1, 2012, through December 31, 2016.
[2] Calculated through July 15, 2020 on principal contributions owed.
[3] Liquidated damages are calculated at twenty percent (20%) of the contribution amount for contributions that are unpaid as of the commencement of the litigation.